UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| MONWELL DOUGLAS, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> BRUCE LEMMON Commissioner, IDOC, ) <br> K. GILMORE Assistant Superintendent, ) <br> MICHAEL OSBORN Southern Regional ) <br> Director, ) <br> TERESA LITTLEJOHN Grievance Specialist, ) <br> UNIT TEAM MANAGER (Southside) ) <br> (WVCF), ) <br> HEATHER BLASINGANE, ) <br> CASEWORKER MANAGER (CWM), ) <br> (WVCF), ) <br> FAITH REEVES, ) <br> HEAD NURSING AID CORIZON ) <br> MEDICAL, ) <br> KIM HOBSON, ) <br> BOBBI RIGGS Corizon Medical Nurse ) <br> (WVCF), ) <br> ) <br> Defendants. | No. 2:16-cv-00368-JMS-DKL |

**Entry Discussing Motion for Temporary Restraining Order, Dismissing Complaint,
And Directing Plaintiff to Show Cause**

**I. Background**

The plaintiff, Monwell Douglas, is a prisoner currently incarcerated at Wabash Valley Correctional Facility ("Wabash Valley"). Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks

monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The plaintiff names the following defendants: 1) Bruce Lemmon, Commissioner; 2) Richard Brown, Superintendent; 3) Kevin Gilmore, Acting Superintendent; 4) Michael Osborn, Southern Regional Director for the Indiana Department of Correction ("IDOC"); 5) Teresa Littlejohn, Grievance Specialist; 6) Heather Blasingane, Unit Team Manager; 7) Faith Reeves, Counselor/Casework Manager; 8) Kim Hobson, Head Nurse; and 9) Bobbi Riggs, Nursing Aid. He seeks temporary injunctive relief in the form of a transfer to another prison. He also requests compensatory and punitive damages.

The 22-page complaint sets forth a detailed report of incidents that occurred from February 2016 through mid-September 2016 at Wabash Valley. In addition to setting forth some factual allegations, the complaint is full of the plaintiff's opinions, characterizations, and legal conclusions as they relate to those incidents. As noted above, for purposes of screening, the Court must determine whether the factual allegations, accepted as true, are sufficient to state a plausible claim for relief.

## II.  Temporary Restraining Order

The plaintiff first seeks a temporary restraining order ("TRO") under Rule 65 of the *Federal Rules of Civil Procedure*. Dkt 2, pp 2-3. He seeks an order transferring him to a different

prison. In accordance with Rule 65, a TRO may be issued without notice only if specific facts "show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Rule 65(b)(1)(A). "The essence of a temporary restraining order is its brevity, its ex parte character, and … its informality." *Geneva Assur. Syndicate, Inc. v. Medical Emergency Servs. Assocs. S.C.,* 964 F.2d 599, 600 (7th Cir. 1992). In addition to the immediate and irreparable damage requirement for a TRO, to justify issuance of preliminary injunctive relief, the plaintiff must first demonstrate that 1) he has a reasonable likelihood of success on the merits, 2) he has no adequate remedy at law, and 3) he will suffer irreparable harm if preliminary injunctive relief is denied. *See Stifel, Nicholaus & Company, Inc. v. Godfre & Kahn,* 807 F.3d 184, 193 (7th Cir. 2015).

The plaintiff alleges that he is experiencing mistreatment at Wabash Valley consisting of false conduct reports, denial of necessary health care examinations, disposal of his legal mail, and numerous shake downs of his cell. It is for these reasons he wants to be transferred to a different prison. None of these circumstances, however, rise to the level of causing "irreparable harm." Moreover, the plaintiff has no right, constitutional or otherwise, to demand that he be placed in any particular prison. Therefore, he has not shown a reasonable likelihood of success on the merits. *See Olim v. Waukinekona*, 461 U.S. 238, 245 (1983) (holding that a prisoner has no constitutional right to select a particular correctional facility for his placement or to be transferred to a different facility upon request.). Accordingly, the plaintiff's request for a TRO is **denied.**

### III. Screening

The Court will discuss the plaintiff's claims as they are asserted against each defendant.

*Bruce Lemmon, Richard Brown, Kevin Gilmore, and Michael Osborn*

The plaintiff alleges that defendants Lemmon, Brown, Gilmore, and Osborn have denied plaintiff's requests for assistance in securing a transfer to another prison. As noted above, the plaintiff has no constitutional right to be transferred to another prison, and therefore, the claims against these defendants are **dismissed for failure to state a claim upon which relief can be granted.** In addition, to the extent these defendants are named solely because of their supervisory positions, such claims fail to state a claim upon which relief can be granted. Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise.") (internal citation omitted). "It is well established that there is no *respondeat superior* liability under § 1983." *Gayton v. McCoy,* 593 F.3d 610, 622 (7th Cir. 2010).

*Teresa Littlejohn*

The plaintiff alleges that Grievance Specialist Littlejohn purposefully denied and/or refused to process his grievances.  "Prison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause, and so the alleged mishandling of [a plaintiff's] grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley,* 635 F.3d 950, 953 (7th Cir. 2011); *see also George v. Smith,* 507 F.3d 605, 609 (7th Cir. 2007) ("Only persons who cause or participate in the [Constitutional] violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation.") (internal citations omitted). The claim asserted against Ms. Littlejohn is **dismissed for failure to state a claim upon which relief can be granted.**

*Faith Reeves*

The plaintiff alleges that Casework Manager Reeves has denied him "entitlements." He alleges that Ms. Reeves refused to hire him for high paying jobs for which he was qualified. He filed grievances complaining about Ms. Reeves' actions.

To the extent the plaintiff's claims are based on his being denied a particular type of prison job, such claim is **dismissed for failure to state a claim upon which relief can be granted.** Prisoners have no property or liberty interest in retaining any particular job in prison. *DeWalt v. Carter*, 224 F.3d 607, 613 (7th Cir. 2000); *Wallace v. Robinson*, 940 F.2d 243, 247 (7th Cir. 1991) (en banc). Accordingly, he has no constitutional right to obtain any particular job in prison.

The plaintiff alleges that as a result of a disciplinary charge brought against him, he was found guilty and lost his housing assignment, lost his job, credit class, earned credit time, housing position, and future job positioning. The finding of guilt was later reversed, so when he was returned to his housing unit he made requests of Ms. Reeves which she denied. The plaintiff then filed classification appeals which were granted. He alleges that Ms. Reeves "took offence [sic] to my reversal and she began a chain of retaliatory acts that are all in connection to the initial false imprisonment sanction." Dkt. 2, p. 11. After his appeal was granted, he requested that Ms. Reeves grant him his previous job or a high level position, his previous cell, full payment for the 45 days he was housed in a different unit, and a work benefit grade payment for every day he was not given a replacement position. Ms. Reeves granted him $15.00 and a remedial position at the same pay. The plaintiff appealed this decision to the classification director and the refusal to reclassify him to a different status was reversed.

The plaintiff alleges that Ms. Reeves cause him to be falsely housed in disciplinary segregation, but this claim lacks merit because the placement in disciplinary segregation did not create an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). In addition, Ms. Reeves did not cause the disciplinary segregation.

He further alleges that Ms. Reeves opened a package in front of him which contained a watch he had ordered. She gave him the watch but told him that she would be throwing the watch stand, instruction manual, and watch warranty in the trash. The alleged destruction of personal property **fails to state a claim upon which relief can be granted** because the plaintiff has a state law remedy. A claim for property loss would conceivably arise under the due process clause, but as long as the plaintiff has an adequate post-deprivation remedy, which he has in the form of a state law tort claim, he is not entitled to any additional constitutional protection. *See Gates v. City of Chicago,* 623 F.3d 389, 410 (7th Cir. 2010); *Wynn v. Southward,* 251 F.3d 588, 593 (7th Cir. 2001) ("Wynn has an adequate post-deprivation remedy in the Indiana Tort Claims Act, and no more process was due.").

The plaintiff's description of Ms. Reeves' conduct contains more labels and characterizations than it does factual allegations. Based on the facts alleged, the plaintiff's claims against Ms. Reeves fail to state a claim upon which relief can be granted.

*Heather Blasingane*

The plaintiff alleges that in response to his complaints about defendant Reeves, Unit Team Manager Blasingane had him moved to the other side of the unit so that he would be assigned a different counselor. On one occasion when defendant Reeves was allegedly threatening to not give the plaintiff some legal mail, Ms. Blasingane said "he can have it," which

prompted defendant Reeves to give the mail to the plaintiff. None of the allegations asserted against Ms. Blasingane state a constitutional violation. Accordingly, the claims against Ms. Blasingane are dismissed for **failure to state a claim upon which relief can be granted.**

*Nurse Bobbi Riggs*

The plaintiff alleges that Nurse Riggs submitted a false conduct report when she charged him with Threatening. He was found guilty, but no earned credit time was lost. Dkt. 2-2, p. 8. He was sanctioned with a written reprimand, one month loss of phone privileges, and 60 days in disciplinary segregation. *Id.* He alleges that on appeal the conviction was overturned. Any constitutional claim based on these allegations must be **dismissed for failure to state a claim upon which relief can be granted** because the plaintiff does not have a constitutional right to avoid false disciplinary charges. *Lagerstrom v. Kingston,* 463 F.3d 621, 624-25 (7th Cir. 2006) (due process rights are not violated if a false conduct report is filed). Any impropriety with the conduct report was addressed during the disciplinary proceeding when the plaintiff voiced his opinion that what he said was not a threat. The alleged deprivations the plaintiff suffered as a result of the disciplinary conviction did not create an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484. There is no due process challenge that can be properly asserted under these circumstances.

*Kim Hobson*

The only allegations asserted against Nurse Hobson are that she was "in charge of overseeing all processing matters concerning offender medical needs" and she "purposefully aided the intentional harm of one of her nurses." As noted above, liability cannot be placed on a supervisor based on misconduct of her subordinates. *Gayton,* 593 F.3d at 622. In addition, the plaintiff's conclusory assertion that Nurse Hobson "aided the intentional harm" of another nurse

is not supported by factual allegations. Finally, any claim relating to a denial of medical care, which is not adequately alleged in the complaint, would not belong in this lawsuit. Such claims would be misjoined. *See* FED. R. CIV. P. 20. If the plaintiff wishes to bring a claim concerning deliberate indifference to any serious medical need, he may file another civil rights complaint. Any claim asserted against Nurse Hobson in this action is **dismissed for failure to state a claim upon which relief can be granted.**

"[A] plaintiff can plead himself out of court by alleging facts that show there is no viable claim." *Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th Cir. 2008). For the above reasons, the complaint fails to state a claim upon which relief can be granted as a matter of law and is therefore **dismissed pursuant to 28 U.S.C. § 1915A**.

### IV.  Further Proceedings

The plaintiff shall have **through January 4, 2017,** in which to **show cause** why this action should not be dismissed for failure to state a claim upon which relief can be granted. *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013) (plaintiffs should be given at least an opportunity to amend or to respond to an order to show cause before a case is "tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.").

If the plaintiff fails to show cause or seek leave to amend, the action will be dismissed for the reasons set forth in this Entry without further notice.

**IT IS SO ORDERED.**

Date: ____12/2/2016_____

_____
Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

MONWELL DOUGLAS
150812
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only